[No. 20257.  In Bank. — February 19, 1887.]

## THE PEOPLE, RESPONDENT, *v.* CHARLES MORTON, APPELLANT.

CRIMINAL LAW — BURGLARY — INTENT — INSTRUCTION — PRESUMPTION. — In a prosecution for burglary in which the defendant was not a witness, the court instructed the jury in effect that the intent of the defendant in the commission of the alleged offense was a simple mental operation, and that direct evidence thereof-could be given only by the defendant. *Held,* that the instruction did not direct the jury to presume against the defendant because he had not been a witness.

ID. — INSTRUCTION — JURY. — The court further instructed the jury that a certain proposition of law, which was stated to them, might or might not be involved in the case, as they determined the facts. *Held,* that the instruction did not leave to the jury as their province to say whether or not the rule of law as given was applicable to the facts of the case.

ID. — Certain other instructions stated in the opinion, *held,* not erroneous.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*John D. Whaley,* for Appellant.

*Attorney-General Johnson,* for Respondent.

FOOTE, C. — The defendant was convicted of burglary in the second degree. He contends that the judgment therein rendered against him and the order denying his motion for a new trial should be reversed.

His first ground therefor is that the evidence was insufficient for his conviction.

Upon a careful examination of the record, we are satisfied that the jury were fully warranted in believing and declaring by their verdict the defendant guilty as charged.

It is assigned for error that the court, in a portion of its charge, indulged in a presumption against the defendant for not testifying in his own behalf.

The language objected to is as follows:—

"You all know that the intent is a simple mental operation, and we cannot, unless the defendant himself speaks,—it is not possible to,—give any direct, positive proof of the intent of any person in the commission of any act; you cannot look into the human mind and see what its workings are. The prosecution can never in any case, unless the defendant himself sees fit to speak, give any direct or positive evidence of the intent."

The defendant did not go upon the stand and testify.

We fail to see anything in the words above quoted, taken together with the rest of the charge, which announces to the jury in the remotest degree that any presumption should be indulged against the defendant, because he did not give evidence as a witness in the cause.

The jury were simply told that intent might be inferred from the facts and circumstances surrounding the transaction, in the absence of any declaration upon that subject which had emanated from the defendant.

As a part of the charge, this language was employed:—

"Now, gentlemen, there is a proposition of law, which may or may not be involved in this case, as you determine the facts, but it is eminently proper that I should give it to you, and that is, that all persons concerned in the commission of a crime," etc.

It is not contended that the portion of the charge which immediately follows this is erroneous, but that the court in uttering the words quoted left to the jury, as their province, to say whether or not the rule of

law as given was applicable to the facts of the case in hand.

To us it seems that the court told the jury that if in their opinion the facts referred to in the charge were proven, then they should apply the rule of law as given, and this was not erroneous.

We do not think that the charge is objectionable for the reason assigned by the defendant, viz., that the jury, as he contends, are directed to convict the defendant if they believed from the evidence that he and his confederate Connors, who had previously pleaded guilty, had confederated to commit larceny in the building 501 Post Street, and entered the said building with the intent to commit larceny in *any room* therein; for the court in that connection further charged, that in addition to entering the building with such felonious intent, one of the conspirators must have entered *a room* of the building with the intention of committing a larceny therein, and as such room so entered the court in close connection therewith refers to Fortson's room, the one in which the information charges the burglary was committed, and the only one which, as the proof abundantly shows, was entered with the intent to commit larceny therein.

The information charged that burglary had been committed in entering V. E. Fortson's room; the court, giving an unstrained interpretation to the whole charge, announced to the jury that they must believe from the evidence that such room was so burglariously entered in order to convict the defendant; and the proof showed that it and no other room was entered with intent to commit larceny by the *confederate* of the defendant.

The judgment and order should be affirmed.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.